**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ZDANAVAGE,<br>   Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| FLOWER FOODS, INC. d/b/a<br>TASTY BAKING COMPANY,<br>   Defendant. | : | |

### CIVIL ACTION

Plaintiff, Michael Zdanavage (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Flower Foods, Inc. d/b/a Tasty Baking Company (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance. In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Defendant Flower Foods, Inc. d/b/a Tasty Baking Company is a producer of packaged bakery foods with a location at 4300 S 26th Street, Philadelphia, PA 19112 and corporate headquarters located at 1919 Flowers Circle, Thomasville, GA

31757.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

### JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA, the PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on May 1, 2026, alleging age discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2026-06161 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated May 6, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA and PFPO claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1966.

21. On January 6, 2020, Defendant hired Plaintiff in the position of Superintendent of Engineering.

22. Plaintiff was well qualified for his position and performed well.

### PLAINTIFF WAS SENT FOR DRUG AND ALCOHOL TESTING

23. On December 8, 2025, Plaintiff reported to work after attending a social gathering with his crew the prior evening.

24. Plaintiff was not impaired.

25. Robby Vaughn (mid-50's), Director of Operations, and Sanita Jacobs (mid-30's), Production Superintendent, called Plaintiff into the office and informed him that it was reported that Plaintiff smelled like alcohol.

26. They instructed Plaintiff to submit to an on-site drug and alcohol test administered through Defendant's Ship to Shore program.

### PLAINTIFF TESTED NEGATIVE FOR DRUGS AND TESTED BELOW THE PENNSYLVANIA DUI AND FEDERAL COMMERCIAL DRIVER LIMIT FOR ALCOHOL

27. Plaintiff tested negative for all drugs.

28. His breath alcohol reading was 0.031, which is below Pennsylvania's legal DUI limit of 0.08 and below the commercial driver limit of 0.04.

### DEFENDANT SENT PLAINTIFF HOME

29. Plaintiff was sent home without being formally placed on suspension.

## DEFENDANT TERMINATED PLAINTIFF

30. On December 16, 2025, Hayley Angeline (mid-30's), Head of Human Resources, called Plaintiff and terminated his employment.

31. Plaintiff was told his termination was "due to the circumstances."

32. No further explanation was provided.

33. Defendant refused to provide Plaintiff with a termination letter.

34. Plaintiff was 59 years old at the time of his termination.

## DEFENDANT DID NOT TERMINATE YOUNGER EMPLOYEES WHO USED DRUGS AT WORK

35. Defendant treated younger employees who engaged in far more serious drug-related misconduct more favorably than Plaintiff.

36. In the fall of 2024, Plaintiff personally caught two (2) production employees (both in their early 20's) smoking marijuana between trailers on company property and reported the incident to management.

37. Both employees kept their jobs.

38. In or around October 2025, Plaintiff caught Jessica Last Name Unknown ("LNU") (late-20's), Machine Operator, smoking marijuana directly behind him on company property.

39. Plaintiff against reported the incident.

40. Jessica also kept her job.

41. By contrast, Plaintiff was terminated for a breath alcohol reading of 0.031, a level that is legal under both Pennsylvania law and federal commercial driver standards, following a single incident.

## DEFENDANT DID NOT PROPERLY ADDRESS THE COMPLAINTS OF RAMPANT DRUG USE

42. Drug and alcohol use is pervasive at Defendant's facility.

43. The bakery regularly smells of marijuana and employees have overdosed on heroin at work.

44. In or around 2024, an employee under the influence of PCP attacked a supervisor, destroyed holiday decorations, and stripped naked on the premises.

45. Complaints about rampant drug use were made to Defendant's corporate office, but Defendant did not properly address the complaints.

46. Prior to his termination, Defendant subjected Plaintiff to heightened scrutiny and unreasonable performance expectations.

## PLAINTIFF'S SUPERVISOR NITPICKED PLAINTIFF'S WORK PRODUCT AND DID NOT PROVIDE HIM WITH PROPER STAFFING

47. Beginning in or around September 2022, Michael Huston (early 50's), Manager of Engineering, began nitpicking Plaintiff's work product.

48. Plaintiff was responsible for managing 12-15 crew members and was required to have two (2) supervisors reporting to him.

49. One supervisor position remained unfilled for three (3) years following a resignation, requiring Plaintiff to perform the Supervisor duties as well.

50. Plaintiff raised this staffing issue with Huston on a monthly basis but was told "to get things done", or words to that effect.

51. The sole performance write-up Plaintiff received as directly related to the understaffing created by Defendant's failure to replace the vacant supervisor position.

**DEFENDANT REPLACED PLAINTIFF WITH A SIGNIFICANTLY YOUNGER EMPLOYEE**

52. Plaintiff was replaced by Tom Nguyen (early to mid-30's).

53. Plaintiff was the oldest person in his position at Defendant.

54. Defendant discriminated against Plaintiff due to his age in violation of the ADEA, the PHRA and the PFPO.

55. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff was born in 1966.

58. Plaintiff was qualified to perform the job.

59. Defendant terminated Plaintiff.

60. Defendant treated younger employees more favorably than Plaintiff.

61. Defendant has no legitimate non-discriminatory reason for its actions.

62. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

7

65. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – AGE DISCRIMINATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

67. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

68. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Zdanavage, requests that the Court grant him the following relief against Defendant:

    (a)    Compensatory damages;

    (b)    Punitive damages;

    (c)    Liquidated damages;

    (d)    Emotional pain and suffering;

    (e)    Reasonable attorneys' fees;

    (f)    Recoverable costs;

    (g)    Pre and post judgment interest;

    (h)    An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the PHRA and the PFPO.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: August 4, 2026                    **By:**  */s/David M. Koller*
                                        David M. Koller, Esquire
                                        Jordan D. Santo, Esquire
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com

                                        *Counsel for Plaintiff*